# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODILON ALBARRAN,<br><br>                        Petitioner,<br><br>   vs.<br><br>L. S. McEWEN, Warden,<br><br>                        Respondent. | Civil No. 11cv0019-BTM (BGS)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION AS MODIFIED;**<br><br>**(2) DENYING PETITION FOR A WRIT OF HABEAS CORPUS; and**<br><br>**(3) ISSUING A LIMITED CERTIFICATE OF APPEALABILITY** |

      This matter comes before the Court on a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Odilon Albarran, in which he challenges his conviction for first degree murder in the course of a robbery with the personal use of a deadly weapon, for which he was sentenced to life imprisonment without the possibility of parole plus one year. United States Magistrate Judge Bernard G. Skomal has issued a Report and Recommendation that the Petition be denied, to which Petitioner has filed Objections.

      The Court has reviewed the R&R and the Objections thereto pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Upon de novo review, the Court concludes that the Report and Recommendation correctly applies the law to the record with respect to all claims other than Petitioner's Fourth Amendment claim. The Court therefore **ADOPTS** the Magistrate Judge's findings and conclusions and **DENIES** habeas relief as to all claims, other than Petitioner's Fourth Amendment claim, for the reasons set forth in the Report and Recommendation.

With respect to Petitioner's Fourth Amendment claim, the Magistrate Judge found that Petitioner was not entitled to relief because the claim was procedurally defaulted and Petitioner had failed to demonstrate the necessary cause and prejudice to overcome the default, but that even if the default could be excused, the state court's adjudication of the claim was objectively reasonable. (R&R at 12-13.) "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). Under California law, a defendant can move pretrial to suppress evidence on the basis that the evidence was obtained in violation of the Fourth Amendment. See Cal. Penal Code § 1538.5 (West 2011).

In Gordon v. Duran, 895 F.2d 610 (9th Cir. 1990), the Ninth Circuit found it unnecessary to reach the issue of whether or not the petitioner's Fourth Amendment claim was, in fact, fully and fairly litigated, and held that the mere fact that the state of California provides an opportunity to fully and fairly litigate Fourth Amendment claims through Penal Code § 1538.5 precludes federal habeas review, irrespective of whether or not the petitioner availed himself of the opportunity. Gordon, 895 F.2d at 613-14. Because California provides a means by which defendants can challenge the constitutionality of searches and seizures, this Court is precluded from granting habeas relief on the basis of Petitioner's Fourth Amendment claim. See Stone, 428 U.S. at 494; Gordon, 895 F.2d at 613-14. Accordingly, with that modification, the Court **ADOPTS** the Magistrate Judge's findings and conclusions and **DENIES** habeas relief as to all claims in the Petition for the reasons set forth in the Report and Recommendation, other than the Fourth Amendment claim, which is **DENIED** for the reasons set forth above.

///

In his Objections, Petitioner requests that, in the event this Court adopts the findings of the Magistrate Judge and denies relief, he be allowed to file a second or successive petition after returning to state court in order to pursue a new round of state habeas petitions in which he would seek to have a full investigation into his case. (Objections at 2.) To the extent Petitioner requests a stay and abeyance of his Petition in order to return to state court to re-litigate the same claims he has presented here, his request is **DENIED**. See Rhines v. Webber, 544 U.S. 269, 277-78 (2005) (holding that a stay and abeyance requires a showing there are arguably meritorious claim(s) which are being diligently pursued in state court and that good cause exists for failure to timely exhaust state court remedies). To the extent he is requesting advanced permission to present a second or successive petition in federal court after he has attempted to re-open the investigation into his criminal offense in the state court, his request is **DENIED** as premature and because the Ninth Circuit Court of Appeals must give permission before Petitioner can file a second or successive petition in this Court. See 28 U.S.C. § 2244(b)(3)(A) (stating that unless a petitioner shows he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court).

The Petition for a Writ of Habeas Corpus is **DENIED**.

A Certificate of Appealability is **ISSUED** limited to Ground Seven as listed in the Report and Recommendation alleging prosecutorial misconduct when a prosecution witness informed the jury of Petitioner's past criminal conviction in violation of a pre-trial order. (See R&R at 31-33.)

The Clerk shall enter judgment denying the Petition and issuing a Certificate of Appealability limited to Ground Seven.

**IT IS SO ORDERED.**

DATED: June 10, 2013

*Barry Ted Moskowitz*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court